United States District Court
Southern District of Texas
**ENTERED**
January 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH LEE BEAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00303 |
| | § | |
| TANNER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff Joseph Lee Bean, a Texas inmate proceeding pro se, has filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending before the Court is Plaintiff's motion seeking leave to proceed *in forma pauperis* in this action. (D.E. 2). However, as discussed below, a review of Court records reveals that Plaintiff is ineligible to proceed *in forma pauperis* and must pay the full filing fee to proceed.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides

an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has had four prior actions dismissed as frivolous, malicious, or for failure to state a claim for relief. *See Bean v. The State of Texas, et al.*, No. 2:23-CV-00039 (S.D. Tex. May 11, 2023) (Tipton, J.) (dismissed as frivolous and for failure to state a claim for relief); *Bean v. Vaughn, et al.*, No. 4:15-CV-00799 (S.D. Tex. Jun. 9, 2015) (Gilmore, J.) (dismissed as frivolous and for failure to state a claim for relief); *Bean v. Olivares, et al.*, No. 4:12-CV-01170 (S.D. Tex. Apr. 26, 2012) (Ellison, J.) (dismissed for failure to state a claim for relief); *Bean v. Sweetin, et al.*, 4:10-CV-05089 (S.D. Tex. Mar. 19, 2012) (Hughes, J.) (dismissed for failure to state a claim for relief). Therefore, Plaintiff is barred from proceeding *in forma pauperis* in this prisoner civil rights action unless he is in imminent danger of physical injury.

This Court must assess whether Plaintiff was exposed to imminent danger of serious injury at the time he filed this complaint. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to

prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Plaintiff alleges that that he is currently housed in segregation in a cell with no drinking water, lead-poisoned sink water, holes in the ceiling and walls, loud vibrating noise from the sink, sparks coming out of the plugs, and roaches and mice eating and destroying his property. (D.E. 1, p. 4). Apparently, prison officials have denied his requests over several months to be transferred to another "house." *Id.*

While complaining about several adverse conditions in his cell, Plaintiff alleges no specific facts to indicate that he has suffered a physical injury or chronic illness as a result of these conditions or that a serious physical injury was imminent at the time he filed his complaint. *Miller v. Univ. of Tex. Med. Branch*, No. 6:16cv436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) ("[G]eneral allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to involve the exception to § 1915(g)"). Plaintiff provides no specific facts to suggest: (1) he lacks access to drinking water in the unit or that he is at risk of suffering imminent harm due to having no access to potable water in his cell; or (2) he faces serious imminent harm due to his belief his sink water is contaminated by lead poisoning. *See Price v. Sanders*, No. 20-30450, 2022 WL 1553530, at *1 (5th Cir. May 17, 2022) (unpublished) (determining that inmate's allegations of exposure to secondhand smoke from other prisoners, his risk of exposure to COVID-19, and presence of lead-contaminated water were inadequate to show he was in imminent danger at the time he filed his federal lawsuit). Last, Plaintiff's allegations

referencing roaches and mice in his cell only pertain to damage to his property and not to any imminent danger of serious physical injury to himself at the time he filed his complaint.

Because he has failed to allege he was in imminent danger of physical harm at the time he filed the complaint, Plaintiff is barred from proceeding *in forma pauperis*. Accordingly, Plaintiff's motion seeking leave to proceed *in forma pauperis* (D.E. 2) is **DENIED**, and his complaint is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to send a copy of this Order to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov" and is further **DIRECTED** to **CLOSE** this case. Plaintiff may move to reinstate this case upon payment of the full $402.00 filing fee[1] within **TWENTY-EIGHT (28) days** from the date of this dismissal.

It is so **ORDERED**.

**ORDERED** on January 30, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[1] The Court received Plaintiff's complaint on November 17, 2023. At that time, the filing fee for civil actions was $402.00.